UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF JEFFREY RAFTERY, | )<br>)<br>) |
| Plaintiff, | ) Case No.: C08-1208 CRD<br>) |
| v. | )<br>) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) ORDER RE: SOCIAL SECURITY<br>) DISABILITY APPEAL<br>) |
| Defendant. | ) |

The estate of Jeffrey Raftery, Plaintiff, appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied Mr. Raftery's applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or the "Act"), 42 U.S.C sections 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the SSA, 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

I. FACTS AND PROCEDURAL HISTORY

Jeffrey Raftery died on June 8, 2007 while his request for review was pending before the Appeals Council. His estate has been substituted as the party in interest, however the parties continue to refer to Mr. Raftery as the plaintiff. Plaintiff was forty-eight years old at the alleged disability onset date. He has a high school education, three years of college, and has work experience as a materials handler and a plater.

ORDER - 1

Plaintiff applied for SSI and DIB in March 2003, alleging disability since October 2000. His claim was denied initially and upon reconsideration, and he timely requested an ALJ hearing. An ALJ hearing was held on September 7, 2006, which resulted in an unfavorable decision. The ALJ heard testimony from a medical expert and Mr. Raftery, who was represented by counsel, Lisa Elin Neubaumer, Esq. Administrative Record ("AR") at 697-742. The ALJ rendered an unfavorable decision on October 24, 2006, finding Plaintiff not disabled. Plaintiff requested review by the Appeals Counsel and review was denied, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On September 29, 2008, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

///
///
///

# IV. THE DISABILITY EVALUATION

As the claimant, Plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id*. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] In the present case, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR 26, Finding 2. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case the ALJ found Plaintiff has the severe impairments of a mood disorder, anxiety disorder not otherwise specified, and alcohol dependence. AR 27, Finding 3. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in

---

[1]Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER - 3

the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id*. In this case, the ALJ found that Plaintiff's impairments met listings for substance disorders, alcohol dependence, and combined mental impairments. AR 27. Once an ALJ determines a claimant is disabled, if there is evidence of substance abuse, the ALJ next must determine whether the substance use is a contributing factor material to the determination of disability. In making this determination, the ALJ asks whether a claimant's limitations would remain if he stopped using drugs. 20 C.F.R. § 404.1535; *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). Here, the ALJ concluded that if Plaintiff stopped substance abuse, his remaining impairments would still be severe and would cause more than a minimal impact on his ability to work, although they would not meet a listing. AR 27.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ in this case found Plaintiff has the residual functional capacity to perform the mental demands of his past relevant work and found he has no exertional limitations. AR 27, Finding 7.

The ALJ found that Plaintiff is capable of performing his past relevant work as a materials handler for a medical instruments firm and as a plater for the manufacturer of printed circuit boards. AR 29, Finding 8. If the claimant is able to perform his past relevant work, he is not disabled. Accordingly, the ALJ found that absent substance use Plaintiff could perform his past relevant work and concluded Plaintiff is not disabled as defined in the SSA. AR 29.

## V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1. Did the ALJ err in assessing Plaintiff's past relevant work?
2. Did the ALJ err in assessing Plaintiff's mental RFC?
3. Did the ALJ err in assessing Plaintiff's ability to perform his past work?

4. Did the ALJ err in not finding Plaintiff restricted to simple/routine work?

  5. Did the ALJ err in assessing Dr. Carlson's opinion?

  6. Did the ALJ err in the application of 20 C.F.R § 404.1530?

Dkt. Nos. 12, 17.

## VI. DISCUSSION

*A. The ALJ did not err in assessing Plaintiff's past relevant work.*

Plaintiff asserts that the ALJ erred in finding that he could perform his past relevant work as it is "generally" performed. At step four of the sequential analysis the ALJ found:

> If the claimant stopped the substance use, he would be able to perform past relevant work as a materials handler for a medical instruments firm and as a plater for the manufacturer of printed circuit boards. This work does not require the performance of work-related activities precluded by the residual functional capacity the claimant would have if he stopped the substance use.
>
> The claimant reported that he worked from September 1989 to April 1992 as a plater making printed circuit boards. He said that he etched, fused, and sealed printed circuit boards. The claimant reported that from May 1992 to December 1998, he was a materials handler processing and shipping customer orders of medical instruments (Exhibit 4E).
>
> In comparing the residual functional capacity the claimant would have if he stopped alcohol abuse with the physical and mental demands of his past work, I find that he would be able to perform it as **generally** performed. As noted above, the claimant testified that when he was not drinking alcohol, he worked for over six years at Space Labs… The claimant has in fact been able to perform substantial gainful activity at Space Labs, with the help of appropriate treatment.

AR 29 (emphasis added). Plaintiff argues that the ALJ erred in making an "as generally performed" finding without consulting an external source such as the Dictionary of Occupational Titles ("DOT") or a vocational expert to determine the demands of the work as it is generally performed. Defendant argues that based on the DOT, Plaintiff actually performed the work equivalent to how it is generally performed; therefore any error in not citing the DOT is harmless.

Plaintiff correctly asserts that the ALJ did not reference the DOT, consult with a vocational expert or other source to make a standard "as generally performed" finding. Regardless, the Court finds the error harmless, not for the reason Defendant asserts, but because

ORDER - 5

it is clear from the context of the ALJ's analysis that the ALJ made an "as actually performed" finding, not an "as generally performed" finding. Plaintiff does not dispute that the ALJ analyzes his work *as he performed it*. The ALJ refers to Plaintiff's self-report (Exhibit 4E found at AR 109-19) regarding the actual demands of his past work as a materials handler and as a plater, as he performed them. A common sense reading of the ALJ's decision reveals the ALJ was clearly referring to the work as Plaintiff himself had actually performed the work in the past. The ALJ's finding involved no mention of the work as it is generally performed by others or in other situations; thus, it did not require a supporting foundation from an external source such as the DOT or a vocational expert. The ALJ's discussion and conclusion regarding Plaintiff's past work as he actually performed it are clear; the Court therefore finds that given the context of the analysis, the ALJ's word use of "as generally performed" is harmless error at most and does not require remand to modify the verbiage to "as actually performed".

    *B.    The ALJ did not fail to assess Plaintiff's mental RFC.*

Plaintiff asserts that the ALJ erred in assessing his RFC in compliance with Social Security Regulation ("SSR") 82-62[2]. Plaintiff argues that although the ALJ made a sufficient physical RFC assessment, there was no explicit finding regarding his mental RFC, which Plaintiff argues is reversible error under *Bray v. Commissioner of Social Security*, -- F.3d --, No. 06-36072 (9th Cir. Feb. 6, 2009). In *Bray*, the court reversed and remanded for the ALJ's failure to make specific reviewable findings on whether Bray had transferable skills under SSR 82-41. The *Bray* court follows the rationale of *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947), requiring supporting facts and reasons as opposed to *post-hoc* rationalizations for meaningful review of an administrative decision.

---

[2] SSR 82-62 provides in relevant part:
    In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
    1. A finding of fact as to the individual's RFC.
    2. A finding of fact as to the physical and mental demands of the past job/occupation.
    3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

Here, Plaintiff is correct that the ALJ did not clearly delineate his mental RFC; however, the Court finds the ALJ made a reviewable conclusion as to the mental RFC, setting forth in detail the reasons for so concluding. The ALJ concluded that if Plaintiff stopped using alcohol, he would still have severe mental impairments that do not meet a listing, however he would retain the RFC to perform the mental demands of his past work. AR 27. The ALJ supported this conclusion by relying on the opinions of testifying psychiatrist Dr. Lewey, examining psychiatrist Dr. Carlson, state agency consulting physicians, and the fact that when not abusing alcohol Plaintiff was able to perform his past work for several years. AR 27-29. Upon review of the administrative record, the Court finds the ALJ's cited reasons for concluding Plaintiff has a sufficient mental RFC to be found not disabled, are supported by substantial evidence in the record and as such the RFC assessment is not in error.

*C.     The ALJ did not err in assessing Plaintiff's ability to perform his past relevant work.*

Plaintiff asserts that because he is restricted to performing only one and two step tasks, substantial evidence does not support the ALJ's finding that he could work at his past jobs as a materials handler or as a plater. Plaintiff argues this is because although reviewing state agency psychiatrists determined that he could carry out more than one or two step instructions, the ALJ did not make an express finding that he could consistently carry out *more than* one or two step instructions as is required to perform his past work. *See* Dkt. 12 at 10.

The Court disagrees. State agency psychiatrist Dr. Haney's opinion was endorsed by Dr. Fisher (AR 527); the ALJ gave "significant weight" to their assessment of Plaintiff's mental RFC (AR 28-29). The state agency physicians found that Plaintiff "should be able to understand and remember more than one or two step instructions" and that he "is able to maintain concentration to the extent that he could carry out more than one or two step instructions." AR 526. In the written decision, the ALJ summarized their opinion including regarding one and two step instructions and in concurring with it, gave it "significant weight." AR 27-28. Plaintiff cites no rule or regulation requiring the ALJ to make a more specific finding. Plaintiff does not dispute that the state agency physicians' finding is consistent with the demands of his past relevant work.

The Court finds the ALJ's concurrence with the state agency opinion and conclusion that Plaintiff has the ability to perform the demands of his past work is based on substantial evidence in the record and is therefore not in error.

*D. The ALJ did not err in not finding Plaintiff restricted to simple/routine work.*

Plaintiff argues that substantial evidence does not support the ALJ's conclusion that he can perform his past work, arguing that he is restricted to "simple" and "routine" tasks which is inconsistent with his past work, being semi-skilled and skilled.[3] Plaintiff argues that he has limitations to simple and routine work based on the opinion of the testifying medical expert Dr. Lewy, on whose opinion the ALJ relied.

In response to questioning from the ALJ regarding a former warehouse job held by Plaintiff, Dr. Lewy testified, "…I think that he in [sic] not considering 12.09 [SSA listing for substance addiction disorder] I think he would be limited to work that's mostly routine and on the simple side, so depending on how much attention to detail would be required." AR 737. At step three of the evaluation, the ALJ gave "great weight" to Dr. Lewy's opinion in reaching the conclusion that Plaintiff does not meet a listed impairment in the absence of alcohol abuse. AR 27. However, the ALJ did not state he adopted Dr. Lewy's opinion in its entirety and did not specifically address Dr. Lewy's opinion in this regard in subsequently assessing his RFC. Plaintiff cites no rule or regulation requiring the ALJ to adopt all aspects of a physician's opinion, nor does Plaintiff cite any other medical opinion or evidence that he is restricted to routine or simple work. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews*, 53 F.3d at 1039. The Court finds the ALJ's conclusion that Plaintiff is not limited to simple or routine work and is able to perform his past work is based on substantial evidence and is not in error.

*E. The ALJ did not err in assessing Dr. Carlson's opinion.*

Plaintiff asserts the ALJ erred in relying on the opinion of Dr. Carlson, a state agency examining psychiatrist, arguing that the doctor's report and opinions are not substantial evidence

---

[3] Defendant agrees that Plaintiff's past relevant work as a materials handler and as a plater are classified as semi-skilled and skilled jobs, respectively. Dkt. 13 at 5.

for the ALJ's decision, because: 1) substantial evidence does not support the ALJ's decision in light of the opinions of Drs. Lewy, Haney, and Fisher; 2) the ALJ did not make a mental RFC assessment and therefore did not make a mental RFC assessment reflecting Dr. Carlson's opinions; 3) Dr. Carlson did not realize Plaintiff had a bipolar disorder instead of depression; and 4) Dr. Carlson stated that Plaintiff's functioning was dependant on treatment, but that it was unlikely that Plaintiff could access consistent care. Dkt. 12 at 13-14.

The ALJ summarized Dr. Carlson's examination findings of August 29, 2003 (AR 432-35) and gave her opinion "great weight" finding it consistent with the record as a whole. AR 28. The ALJ found significant that "Dr. Carlson concluded that when the claimant was sober, his social skills were good. He had good concentration during the clinical interview. His memory was grossly intact and he had fairly good task persistence. Dr. Carlson stated that the claimant was able to reason well and understand complex issues." *Id.* The Court finds Plaintiff's statements with respect to Dr. Carlson factually accurate, however, unpersuasive to assign error. Plaintiff does not explain why or how Dr. Carlson's opinon is not substantial evidence. Dr. Carlson's opinion is not contradicted by Drs. Lewy, Haney, and Fisher, all of whom the ALJ also relied upon in concluding he is not disabled. As discussed above, the Court finds the ALJ did make a sufficient mental RFC assessment. As to Dr. Carlson not noting the later diagnosis of bipolar disorder, Dr. Lewy testified that the diagnosis had changed over time and that up until that summer, "the mood problems [had] mostly been described as uni-polar, major depression or depressive disorder not otherwise specified." AR 733. Regardless, there is no evidence that the later change in diagnosis would alter the material factor of Plaintiff's alcohol abuse. Likewise, Dr. Carlson's opinion that Plaintiff would be unlikely to get consistent psychiatric care is also not a factor that changes the materiality of Plaintiff's alcohol abuse and resulting non-disability finding. The Court finds the ALJ's reliance on Dr. Carlson's assessment is substantial evidence upon which the ALJ properly relied in concluding Plaintiff is not disabled absent alcohol abuse.

*F. The ALJ's citation to 20 C.F.R. § 404.1530 is not harmful error.*

At step five of the sequential evaluation, the ALJ concluded that if Plaintiff stopped substance abuse he would be able to perform his past work because, "[t]he claimant has in fact

been able to perform substantial gainful activity at Space Labs, with the help of appropriate treatment. See 20 C.F.R. § 404.1530 (need to follow treatment that can restore ability to work)." AR 29. Plaintiff asserts the ALJ erroneously applied 20 C.F.R. § 404.1530, the "failure-to-follow-prescribed-treatment" regulation because its disability requirement was not met. Dkt. 12 at 15. Defendant argues and concedes that the ALJ committed harmless error in making the conclusion in the context of citing a regulation that is not applicable to drug and alcohol abuse cases. Dkt. 13 at 11. Regardless of the rule's applicability, the Court disagrees with Plaintiff's assertion that the ALJ failed to first find him disabled before taking into account any failure to follow prescribed treatment. At step three of the evaluation, the ALJ found that "including the claimant's alcohol dependence, his combination of mental impairments meet Listing 12.04C of the Listings of Impairments and he would be found disabled." AR 27. Thus, contrary to Plaintiff's assertion, the ALJ first found him disabled and then found that he had failed to follow treatment and cease alcohol abuse. Regardless of the applicability of the regulation, the ALJ's conclusion in this regard is based on substantial evidence in the record and is therefore not in error.

## VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED and the case is DISMISSED.

DATED this 30th day of March, 2009.

*Carolyn R. Dimmick*
Carolyn R. Dimmick
United States District Judge

ORDER - 10